***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted July 15, affirmed September 8, 2022, petition for review
denied January 19, 2023 (370 Or 714)

Charles Harold JONES, R.Ph.,
*Petitioner,*

*v.*

OREGON BOARD OF PHARMACY,
*Respondent.*

Oregon Board of Pharmacy
20190230; A175814

Kevin Keaney argued the cause and filed the briefs for petitioner.

Nicholas C. Greenfield, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Licensee appeals a final order from the Oregon Board of Pharmacy (board) revoking his license for using insulting language to describe customers and being dishonest in the subsequent board investigation. In four assignments of error he contends that the board erred in: (1) its credibility determinations; (2) its factual findings; (3) its determination that licensee engaged in conduct contrary to accepted standards of practice; and (4) the revocation of his license for being dishonest during the board's investigation. We affirm.

We review an agency's order in a contested case for errors of law, substantial evidence, and substantial reason. *Dorn v. Teacher Standards and Practices Comm.*, 316 Or App 241, 243, 504 P3d 44 (2021). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Substantial reason exists where the agency has articulated a rational connection between the facts and the legal conclusion that the agency draws from them. *Dorn*, 316 Or App at 243.

We reject licensee's first two assignments of error, because we conclude that the board's credibility determinations and factual findings are supported by substantial evidence in the record, and those findings are rationally connected to the board's legal conclusions. Although licensee has identified evidence and testimony in the record to support his position, the board was not required to credit that testimony, and the mere existence of competing evidence is insufficient to disturb an agency's determination that is supported by substantial evidence. *See Gaylord v. DMV*, 283 Or App 811, 817, 391 P3d 900 (2017) (explaining that a judge may not substitute their opinion on a finding of fact when there is substantial evidence in the record to support that finding, "even though there also might be substantial evidence to support a contrary finding").

In his third assignment of error, and as clarified during oral argument, licensee argues that, because no rule

of the board specifically proscribes his conduct nor defines the "standards of practice" against which his conduct is being measured, he cannot be disciplined for unprofessional conduct as defined by OAR 855-006-0020. We reject that argument, because "a code of professional conduct need not be so detailed as to spell out every contingency[.]" *Miller v. Board of Psychologist Examiners*, 193 Or App 715, 721, 91 P3d 786 (2004). "It is sufficient for an agency to promulgate broad bases upon which decisions regarding licenses will be made." *Id*. (internal quotation marks and ellipsis omitted). Additionally, the board is not required to promulgate a rule specifically detailing how it will define "standards of practice" as used in OAR 855-006-0020(j). *See Coffey v. Board of Geologist Examiners*, 348 Or 494, 509, 235 P3d 678 (2010) ("[W]e cannot attribute to the legislature an intent to require the board to specify by rule, in advance of adjudication, how it will determine the community standard of care in every case."); *McKay v. Board of Medical Examiners*, 100 Or App 685, 691, 788 P2d 476 (1990) (concluding that the board did not need to define "recognized standards of ethics" by rulemaking). Accordingly, the board could rely on the evidence in the record and did not need to promulgate a rule that explicitly prohibited pharmacists from using derogatory language to talk about customers in order to conclude that that conduct was unprofessional.

In his fourth assignment of error, licensee argues that the sanction imposed by the board was not authorized by statute, because "there is no legislative authorization for revoking a pharmacist license any time a license[e] allegedly says something untruthful in an investigation." However, ORS 689.405(1)(a) permits the board to revoke the license of a person that engages in "[u]nprofessional conduct as that term is defined by the rules of the board." Unprofessional conduct includes the "[f]ailure to cooperate with the Board pursuant to OAR 855-001-0035." OAR 855-006-0020(k). OAR 855-001-0035(1) provides that a licensee must respond "fully and truthfully to inquiries" made by the board. The board found that licensee had been dishonest in his responses throughout the investigation, and that finding is supported by substantial evidence in the record. ORS 183.482(8)(c). Therefore, the board's decision to impose

the sanction of license revocation for dishonesty during the inquiry was statutorily authorized.

Affirmed.